# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RAY L. WILLIAMS, #351-018 | * |
| Plaintiff | * |
| v | *    Civil Action Case No. RWT-11-31 |
| WARDEN MARY DOE, et al. | * |
| Defendants | * |

\*\*\*

## MEMORANDUM OPINION

Plaintiff voluntarily moves for dismissal of this case without prejudice. Counsel moves to dismiss Ray L Williams' ("Williams") request for emergency injunctive relief as moot. After careful consideration of pleadings, exhibits, and applicable law, the court will dismiss the request for emergency injunctive relief as moot. Plaintiff's claims for damages will be dismissed without prejudice.

## I.    BACKGROUND

Ray L. Williams, who is presently an inmate at the Maryland Correctional Training Center, filed this action while confined at the Patuxent Institution. In this matter, Williams seeks emergency injunctive relief and damages to prevent his assignment to dormitory-style housing at Patuxent Institution, referring to a "known medical order" that proscribes his placement in dormitory housing due to a psychiatric condition. On January 31, 2011, the Court ordered counsel in the Office of the Maryland Attorney General to respond to these claims within fourteen days because they raised serious questions about Williams's safety and well-being.

Counsel has filed verified exhibits that demonstrate that Williams was transferred to the Patuxent Institution on December 16, 2010, to begin substance abuse treatment in the

Regimented Offender Treatment Center ("ROTC"). The ROTC unit uses dormitory housing for the inmates' participation in the program. Declaration of Kristina M. Donnelly Exhibit 1, ¶ 1.

Williams was never placed in dormitory housing at Patuxent. Upon transfer to Patuxent, he was placed on a general population tier where he alerted corrections officials to his dormitory housing concerns. On January 5, 2011, Williams' participation in the ROTC was cancelled, and he was moved to a different general population tier in anticipation of transfer to MCTC. See id. ¶ 2 On January 10, 2011, Williams was transferred to MCTC. Williams is not in dormitory housing at MCTC. His case plan has been amended to reflect his dormitory housing restriction. Exhibit 1, pp. 2-3. Williams is under consideration for other substance abuse treatment programs. See id.

## II. DISCUSSION

Defendants assert that Williams' claims are moot for the following reasons: 1) he was never placed in dormitory style housing at Patuxent; 2) he is not in dormitory housing at MCTC; and 3) there a restriction against dormitory housing on his records. The Court concurs.

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. A case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). An actual controversy must exist throughout a case's pendency. See Steffel v. Thompson, 415 U.S. 452, 459 n. 10 (1974). Events after a complaint is filed may moot a request for injunctive relief. See Calderon v. Moore, 518 U.S. 149, 150 (1996); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991).

In this case, Williams was never placed n dormitory housing and his participation in the substance abuse treatment program requiring dormitory housing was cancelled. Williams is no

longer housed at Patuxent, and his transfer of a prisoner moots his claim for injunctive relief relating to the conditions at the original institution.  See e.g. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).  Further, a restriction against placement in dormitory housing has been added to his records, making a future dormitory assignment unlikely.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss the motion for emergency injunctive relief as moot.  Plaintiff's claims for damages are dismissed without prejudice.  A separate Order consistent with this Memorandum Opinion follows.


Date: March 2, 2011    _____/s/_____
                                   ROGER W. TITUS
                                   UNITED STATES DISTRICT JUDGE